UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BROOKS,

    Plaintiff,

v.

CONNIE LONGCORE and
DEBBIE LAWRENCE,

    Defendants.
_____/

CASE NO. 1:11-CV-1060

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 26), Plaintiff's Objections to the Report and Recommendation (docket # 27), and Defendant Longcore's Objections to the Report and Recommendation (docket # 32). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct to the extent it recommends summary judgment in favor of Defendants as to Plaintiff's Eighth Amendment claim against Defendant Lawrence and as to Plaintiff's First Amendment retaliation claim. The Court also finds that Defendant Longcore is entitled to summary judgment on Plaintiff's Eighth Amendment claim against her.

Plaintiff objects first that Defendant Lawrence is not entitled to summary judgment, claiming that she bears supervisory liability for failing to act. This objection is unavailing. The record reflects that Defendant Lawrence was personally involved only through the grievance process. The Magistrate Judge correctly notes that a prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983 and that a § 1983 action cannot be based on a theory of respondeat superior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Id.* (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Plaintiff alleges not active unconstitutional behavior, but only a failure to act, on the part of Defendant Lawrence. Defendant Lawrence is entitled to summary judgment.

Plaintiff also objects to the recommendation for summary judgment in favor of Defendants on his retaliation claim. Plaintiff argues in essence that the Magistrate Judge was simply wrong in concluding that Plaintiff's work reassignment did not amount to an adverse action for purposes of

a First Amendment retaliation claim. The Magistrate Judge carefully and properly considered the record and correctly applied the law. For the very reasons the Magistrate Judge articulated, Defendants are entitled to summary judgment on the retaliation claim. Nothing in Plaintiff's objection changes the fundamental analysis.[1]

Based on its de novo review, the Court also concludes that Defendant Longcore is entitled to summary judgment on Plaintiff's Eighth Amendment claim against her. Accepting as true Plaintiff's claim that he told Defendant Longcore that he had a knee problem that precluded him from pushing a heavy food cart, the Court finds that on this record, Defendant Longcore's conduct in requiring Plaintiff to push a food cart does not amount to deliberate indifference to Plaintiff's serious medical needs. It is undisputed that the events giving rise to Plaintiff's Eighth Amendment claim occurred in February of 2011. Other than Plaintiff's self-report, there is no evidence in the record of any basis on which Defendant Longcore might reasonably have concluded at that time that Plaintiff had a knee problem that pushing a cart might aggravate. Indeed, the objective evidence available to Defendant Longcore pointed to the opposite conclusion. Plaintiff's medical files reflected no documentation that would prohibit Plaintiff from pushing or pulling heavy food service carts. (Compl., docket # 1, at ¶19.) Plaintiff had an Special Accommodation Notice ("SAN") dating back to 2007 that provided for a knee brace but placed no limitations on Plaintiff's physical activities. (*Id.*) The medical records that would have been available to Defendant Longcore in

---

[1] The Court notes that Defendants may also be entitled to summary judgment on this claim under *Garcetti v. Ceballos*, 547 U.S. 410 (2006), which significantly curtails First Amendment protection in the public employment context. The Court is not aware of decisions applying – or refusing to apply – *Garcetti* in the prison employment context, but the same policies that led to the *Garcetti* rule are fully in play in the prison employment context. Summary judgment in this case does not depend upon *Garcetti*, and the parties have not briefed the issue, but the Court raises the issue as added support for the outcome in this case.

February of 2011 suggested that the SAN was discontinued on September 3, 2010. (*Id.*)[2] In the absence of any objective indication of a medical problem, it would be unreasonable to conclude that Defendant Longcore was deliberately indifferent to Plaintiff's serious medical needs. At most, her conduct amounted to negligence. Mere negligence is not enough to establish an Eighth Amendment violation. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff's other objections concern the recommendation that the Court decline to exercise supplemental jurisdiction over his state law claims. Based on its determination that Defendants are entitled to summary judgment on all the pending federal claims, as well as for the reasons the Report and Recommendation describes, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 26) is approved and adopted as the opinion of the Court to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 9) is **DENIED** to the extent Defendants seek summary judgment as to Plaintiff's state law claims and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED** without prejudice under 28 U.S.C. § 1367.

---

[2] The SAN may not actually have been revoked, but instead omitted when the MDOC updated its records to an electronic system. Plaintiff was issued a new knee brace in March of 2011, after this was discovered. (docket # 22-2 at p. 11; docket # 1-2 at p. 19.)

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:     September 28, 2012            /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE